## Case No. 17,010.

### VOSE v. PHILBROOK.

[3 Story, 335.] [1]

Circuit Court, D. Massachusetts. May Term, 1844.

EQUITY JURISDICTION — DEBT SOUNDING IN DAMAGES—REMEDY AT LAW—PLEADING—LEX LOCI CONTRACTUS — SET-OFF — JOINT AND SEVERAL DEBTS—PARTIES—LIENS—INTEREST.

1. Philbrook was a partner in the house of D. P. & Co. of Port au Prince, who were agents of Vose, and, as such, sold to one C., certain merchandize consigned to them by the said V. for which the said C. though solvent refused to pay, because of a private claim set up by him against D. one of the partners. The said firm afterwards consigned to V. an invoice of mahogany for sale, ordering the proceeds thereof to be pass-

[1] [Reported by William W. Story, Esq.]

ed to the sole credit of P. The said mahogany was accordingly sold, and V. subsequently died, having a balance due to him from the firm. After the death of P. his administratrix having brought an action at law to recover the proceeds of the sale, the administratrix of V. brought the present bill in equity, praying for an injunction to the said suit at law, and claiming a right by way of lien or set off on the said proceeds, to balance pro tanto the debt due from the said firm on account of the said C., and alleging that the debt from the said C. has not been collected, because of the negligence or misconduct of the firm. It was *held*, that the debt due from C. was not the debt of the firm, but a demand arising from malfeasance or nonfeasance and sounding in damages, and therefore, that no suit in equity was maintainable in respect of it. until it should be first reduced to a debt by a judgment against the firm or against the defendant.

2. Even were it a debt now due, it was contracted in a foreign country, of the laws of which the court could not judicially take notice, and as this case depended on the lex loci contractus, it should have been especially averred in the bill.

3. The rule of law. that several debts cannot be set off against joint debts obtains equally in equity, unless some peculiar equities intervene, which are not shown in the present case; and the partnership debt due from the firm must be set off against an individual debt due to P.

4. Where a bill in equity is brought to recover a debt against the estate of a deceased partner, the other partners are proper and necessary parties; and although when they are out of the jurisdiction of the court they may be dispensed with—yet this exception does not apply to cases (like the present) involving important rights of the absent partners, and especially not to cases where the facts are mainly in their knowledge, or where the circumstances occurred in the place where they are.

[Cited in Lawrence v. Rokes, 53 Me. 113.]

5. Quære, whether under the Revised Statutes of Massachusetts a set-off of a partnership debt can be made at law against a separate debt due to one of the partners except in cases of dormant partners; it certainly cannot be in equity.

6. A court of equity will not maintain a bill for redress in cases of loss or injury occurring to a principal from the negligence or misconduct of his agent. The appropriate remedy is at law for damages.

[Cited in Teft v. Stewart, 31 Mich. 372.]

7. The citizenship of the plaintiff and of the defendant should be stated in the bill.

8. The doctrine of lien is not applicable to the present case, because: 1st, the claim is one sounding in damages, which is not the subject of a penal lien; 2d, it is not a lien created in the course of the factorage transactions of V.; 3d, the claims are not between the same parties nor due in the same right.

9. Interest was due on the proceeds of the sale of the mahogany from the time when V. first claimed a lien or set-off upon them in virtue of the balance due from the firm up to the time of the judgment.

[Cited in Aurora v. West. 7 Wall. (74 U. S.) 105.]

Bill in equity. The bill in substance was as follows:—"Abigail G. Vose, of Boston, in said district, widow, in her capacity as administratrix of the goods and estate which were of Thomas Vose, late of said Boston, merchant, deceased, during his lifetime a citizen of the state of Massachusetts, brings this her bill against Mary J. Philbrook, of Winthrop, in the district of Maine, widow, in her capacity as administratrix of the goods and estate which were of Thomas Philbrook, late of the city and district of New York, merchant, deceased, in his lifetime a citizen of the said state of New York. And thereupon the plaintiff complains, and says, that in the year eighteen hundred and thirty-seven, and previously thereto, the said Thomas Philbrook, and one F. M. Dimond, of Bristol, in the district of Rhode Island, and óne Maurice Dupuy, of Port au Prince, in the Island of Hayti, were merchants and copartners, at said Port au Prince, under the style of Dimond, Philbrook & Company, and were engaged in the transaction of commission business, and had theretofore acted as the factors and agents of the said Thomas Vose; and in the month of February, A. D. eighteen hundred and thirty-seven, as such factors and agents, had sold and delivered certain merchandise belonging to the said Thomas Vose, on a credit of thirty and sixty days, to one William Cole of said Port au Prince, merchant. for the sum of five thousand. one hundred and thirty-four dollars and forty-one cents. And the plaintiff alleges that the net proceeds of the sales made at that time, was the sum of four thousand, two hundred and twenty-one dollars, and nine cents, which was credited by them to the said Thomas Vose, on their books of account, and in a certain account current rendered by them to him under date of April fifth, 1837, and the balance of which account was carried forward and brought into another account rendered by them to him under date of July the twenty-first, 1837. That at the time of the making of said sale, and afterwards, and for a long time after said credit of thirty and sixty days had expired, the said Cole was possessed, and as the plaintiff is informed, has continued to this time to be possessed, of abundant means to pay for the merchandise so purchased by him of the said Dimond, Philbrook & Company, and ought to have paid the same; and if he had neglected to do so, ought to have been compelled by the said Dimond, Philbrook and Company, as faithful agents, to make payment thereof. That the said Cole had pretended to have some claim or demand against the said Dimond, in his capacity as consul of the United States, on account of some alleged misconduct on the part of one Swain, while acting as vice consul. on account of which he neglected to pay for the merchandise so sold to him as aforesaid, and claimed to appropriate the amount thereof to the payment of his claim against the said Dimond—but whether the said Dimond, Philbrook and Company consented to such appropriation, or resisted the same, this plaintiff is wholly ignorant. That in the month of October, 1837, the said Thomas Philbrook deceased, and the said firm was thereby dissolved, and the liquidation of its affairs was assumed by the said Maurice Dupuy; and at the time of such dissolution the said firm was indebted to the said Thomas Vose in the sum of five thousand eight hun-

dred and nine dollars and seventy cents, and that the said Thomas Vose, in his lifetime, and the plaintiff since his decease, have repeatedly requested the said Dupuy and the said Dimond to pay and adjust the said sum of money, but that they have wholly neglected to pay the same or any part thereof. That the said Dimond, Philbrook and Company did not give notice to the said Thomas Vose, that the said Cole had refused to pay, or had not paid the sums of money payable for the merchandise so sold to him as aforesaid, and that the said Thomas Vose, believing that the same were duly paid at maturity, and passed to his credit on account, made further consignments of merchandise to the said Dimond, Philbrook and Company, which he would not have made if he had been informed of the non-payment of the said sums, and of the claims of the said Cole; and that when the said firm was dissolved, no notice that the said sums of money had not been paid was given to the said Thomas Vose, and no notice thereof was sent to him. although the said Thomas Vose and the said firm during its continuance, and the said Maurice Dupuy afterwards, were in constant correspondence, until the eighteenth day of July, A. D. 1838, on which day the said Dupuy, in answer to a request from the said Thomas Vose, requesting a remittance of the sums due to him as aforesaid, wrote to him in the words following: 'The amount due you being in the hands of Mr. W. Cole, who has a claim against Dr. Swain, the vice consul, for $8,-000, which has not yet been paid, is the reason of the delay in remitting you, but Doct. Swain has just returned from the U. S., with an assurance that the government will soon pay the claim, when we will collect from Cole and remit you.' That neither the said Thomas Vose in his lifetime, nor the plaintiff since his decease, have consented to any such arrangement, but have always resisted the same, and claimed to be entitled to the whole balance, due as aforesaid, inasmuch as the neglect of the said Cole to pay the sum due from him did not arise from insolvency or inability on his part, but in consequence of his pretended claim against the said Dimond, as answerable for the doings of the said Swain, and by reason of their neglect and delay to notify the said Thomas Vose of such refusal on the part of the said Cole, and thereby inducing him make further consignments to them for sale, which he otherwise would not have done. That the said Dimond and Dupuy are not within or subject to the jurisdiction of this honorable court, and cannot therefore be made parties to this bill, unless they should hereafter come within the jurisdiction, in which case the plaintiff prays process may issue to make them parties, but that the said Mary J. Philbrook, administratrix of the goods and estate which were of the said Thomas Philbrook, is within or subject to the jurisdiction of this hon. court, and that the goods and estate of

the said Thomas Philbrook, in the hands of his said administratrix, are in equity subject to the payment of the claims and demands of the creditors of the said firm, and to the payment of the sum of money due from the said firm at the time of its dissolution to the said Thomas Vose, and now to the plaintiff as aforesaid, with interest. That in the month of July, 1837, and thereabouts, sundry letters were sent to said Thomas Vose, by the said Dimond, Philbrook and Company, and one E. C. Herwig, of said Port au Prince, concerning a certain invoice of mahogany, shipped at the same time through the said firm to the said Thomas Vose for sale on consignment, the proceeds of which, when sold, were to be placed to the credit of the said Thomas Philbrook; and the said invoice of mahogany was sold in December, 1837, and the proceeds thereof amounted to the sum of seventeen hundred and six dollars and fifty cents; that when the said sum became due and payable, the said firm and the representatives of the said Philbrook were indebted to the said Thomas Vose in a much larger sum of money, and that he had the right to retain the said proceeds in part payment of the larger sum due to him, whether the same were to be considered as the property of the said firm, 'or as part of the said Philbrook's separate estate. And the plaintiff alleges, that the said Thomas Vose, in his lifetime, and your plaintiff since his decease, have always claimed and insisted upon such right and equity, and had hoped, that the surviving members of the said firm, and the administratrix of the said Philbrook, would settle and account and pay over the sum of money which would remain due after deducting the proceeds of said mahogany. But now, so it is, may it please your honors, that neither the said Dimond, nor Dupuy, the surviving members of said firm, nor the said Mary J. Philbrook, administratrix of the goods and estate of the said Thomas Philbrook, though often requested, have paid to the plaintiff the sum of money due to her as aforesaid, but on the contrary, have neglected and refused so to do, and the said Mary J. Philbrook, in her said capacity, has instituted a suit at law, which is now pending in this court, against this plaintiff, in her capacity as administratrix of the goods and estate of the said Thomas Vose, in which she seeks to recover of the plaintiff, damages for the detention of the proceeds of said invoice of mahogany. The bill ends with a prayer that the said defendant may be restrained, by an injunction to be issued by this honorable court, against prosecuting her said suit at law against the plaintiff, and that she may be decreed to pay the plaintiff the sum of money which will be due to her, as administratrix of the goods and estate of the said Thomas Vose, from the said late firm, with interest, after deducting therefrom the proceeds of the said invoice of mahogany,—and that the plaintiff may have such other relief

in the premises as the nature of her case may require, and as to your honors may seem meet."

To this bill the following demurrer was put in:—"This defendant by protestation, not confessing or acknowledging all or any of the matters and things in the said bill of complaint contained, to be true, in such manner and form as the same are therein and thereby set forth and alleged, doth demur in law to so much of the said bill as seeks relief on account of a debt alleged to be due from the firm of Dimond, Philbrook and Company to said Thomas Vose, and for cause of demurrer showeth that the said complainant hath not by her said bill made such a case as entitles her in a court of equity to any discovery or relief from or against this defendant, touching the matters contained in so much of the said bill. First, because the action at law mentioned, and sought to be enjoined in and by the said bill, is an action of assumpsit brought by this defendant as administratrix of her late-husband, Thomas Philbrook, against the complainant as administratrix of her late husband, Thomas Vose, to recover the proceeds of sales of certain mahogany, consigned by the said Philbrook in his lifetime, to the said Vose in his lifetime; and the said bill and the exhibits which are made part thereof, show, that the said consignment was made by the said Philbrook, as of his sole and separate property, and without any reference to the state of any account between the house of Dimond, Philbrook and Company and the said Vose, and gave the said Vose no lien on the said mahogany or its proceeds, or right to detain the same, on account of any balance due from said house to him; and that the said mahogany was sold by the said Vose, and the proceeds thereof received by him, after the decease of said Philbrook. Second, because the said bill does not show, that the said Vose in his lifetime obtained, or that the said complainant has obtained any judgment against the said copartnership, in any court, foreign or municipal, for the alleged debt pretended to be due from the said house to the said Vose; and, without such judgment, the assets of the deceased partner's separate estate are not chargeable, in equity, with the payment of such claims against the copartnership as that described in and by said bill. Third, because the said bill does not show any impediment to a suit by the complainant against the foreign house, or the surviving partners thereof, or against the said Cole, in the courts of Hayti. Fourth, because the said bill does not show that any good claim, liquidated or unliquidated, now exists against the said firm, or either of the members thereof, in favor of the said complainant. Fifth, because the said bill shows that the pretended claim therein set forth is against a foreign house of trade, and the surviving partners are not made parties defendant therein, and therefore the court ought not to proceed to adjudicate upon such claim, and ought not to entertain the said bill, although the said surviving partners are alleged to be out of the jurisdiction. Wherefore, and for divers other good causes of demurrer appearing in the said bill of complaint, this defendant doth demur to the said bill, and to all matters and things therein contained, and prays the judgment of this honorable court whether she shall be compelled to make any further or other answer to the said bill, and she humbly prays to be hence dismissed, with her reasonable costs in this behalf sustained."

F. G. Loring, for plaintiff.
G. T. Curtis and W. W. Story, for defendant.

STORY, Circuit Justice. This cause has been exceedingly well argued on both sides. Many important topics have been discussed, upon which it is unnecessary to express any opinion, as my judgment proceeds upon grounds far more limited and narrow. The bill is not only for an injunction to a suit brought by the defendant against the plaintiff in this court, but also for the payment of the balance of an account due from the firm of Dimond, Philbrook & Co. of Port au Prince in Hayti, to the plaintiff's intestate (Vose), the defendant's intestate (Philbrook), having been a partner in that firm. There is no suggestion in the bill, that the surviving partners are not solvent; and the main claim in the bill against the firm is for the amount of a debt due from one William Cole, of Port au Prince, for goods of the plaintiff's intestate, consigned to and sold by the firm, for and on account of the plaintiff's intestate, which debt the bill impliedly admits has not been in fact received by the firm; but has been detained by Cole, on account of a supposed demand, which he has against Dimond, one of the partners of the firm. The bill, in effect, charges (for it is not very expressive in its language, and on this very account is open to objection), that the debt due by Cole has not been collected, owing to the misconduct or negligence of the firm, when, as Cole is admitted to be solvent, it might have been punctually collected and remitted; and thereby the firm have made it their own debt. The accompanying documents referred to in the bill, and made a part of it, are relied on to explain the true nature of the transaction. The bill admits, that a consignment was made by the defendant's intestate (Philbrook), to the plaintiff's intestate (Vose), of a certain parcel of mahogany, on Philbrook's account, and to be placed to his credit, which was duly sold by Vose, and the proceeds are in the hands of the plaintiff, and she claims the right to deduct the same from the balance due from the said firm; in other words, she claims a right to deduct the same by way of set-off, or by way of lien, as chargeable with the payment of the debt of the firm due to her intestate. It does not appear from the actual structure of the bill, whether the defendant has taken out administration in Massachusetts, or whether there are any assets of her intestate here, capable of being applied to the discharge of the debts of the firm, or of

Philbrook; nor, indeed, is the citizenship of the plaintiff, or of the defendant, stated in the bill (see Chappelaine v. Dechenaux, 4 Cranch [8 U. S.] 305), as properly it should be. But these are, at most, mere formal omissions, which might easily be cured by an amendment, and therefore, not material to be considered by the court. I advert to them only as elements in cases of this nature, which might in certain aspects of this case, be of some significance.

The first question, which meets us upon the demurrer is, whether, upon the structure of the bill, the claim for the late debt is or can be treated, as strictly a debt of the firm, for which relief lies in equity against the defendant. If it were unequivocally stated to be a pure debt of the firm, and not a mere liability, founded in negligence or omission of duty, the demurrer would, by admitting the facts, clear away the difficulty. But the bill does not so state the case of a pure debt, but mixes it up with a supposed liability, grounded upon the agency; and the demurrer must be taken to admit only the facts as stated, and so far as they are well pleaded. If part of the present claim were a pure debt, and part were founded upon any negligence of the firm, they could not be mixed up together, without being open to the double objection of making the bill multifarious, as well as being founded in part upon a claim properly remediable at law. For it is perfectly clear, that a court of equity has no right to maintain a bill for redress, in cases of loss or injury occurring to the principal, by the negligence or omission of duty, of his agent. The appropriate remedy is at law for damages; a subject of which equity takes no direct cognizance, and deals with only as incidental to other relief. It appears to me, that the debt due from Cole has, in no just sense, become the debt of the firm, so as to be a matter of money due on account; but it is strictly a demand, arising from malfeasance, or nonfeasance, and sounds merely in damages. It appears to me, therefore, that no suit can be maintainable in equity, in such a case, unless the claim has first been reduced into a debt, by an appropriate judgment against the firm, or at least against the individual, against whom it is sought to be enforced in equity.

There is another circumstance arising upon the case, which deserves notice, and in respect to which the bill is silent. It is this, that even if the claim was a debt due by the firm, it was a debt contracted by the firm in Hayti, and that being a foreign country, of whose laws the court cannot judicially take notice, it cannot be affirmed by the court, that partnership debts are held to be joint and several in that country, although they now are in courts of equity in England and America. I may conjecture, that the law of Hayti, is the French law, in which each partner in a commercial partnership is liable in solido, for the whole debt, so that in effect, each is held jointly and severally liable therefor. This, however, in the French law, is confined to commercial part-

nerships, and does not apply to other partnerships; for in the latter, each partner is liable only for his visible share. Poth. de Société, notes 103, 104; Code de Commerce, art. 22. But still, as the court cannot judicially know, what the law of Hayti is, and it is a case which must upon this point be governed by the lex loci contractus, it ought to have been expressly averred in the bill, what that law is. However, for the sake of the argument, I will assume that the rule of the law of Hayti is the same as that of the common law; and also will assume, that the same rule prevails as to set-off by that law as prevails at the common law. Now, by the common law, it is well settled, that no set-off can be made of several debts, against joint debts of the contracting parties. And the same rule is followed in courts of equity, unless some peculiar equities intervene in the particular case, the rule being, that equity on this subject follows the law. So the doctrine was laid down in Vulliamy v. Noble, 3 Mer. 593, 618; and it was fully recognized in the supreme court of the United States at the last term, in the case of Dade v. Irwin's Ex'r, 2 How. [43 U. S.] 383, 390, 391. See 2 Story, Eq. Jur. §§ 1435–1437. I am not aware, that a different rule prevails either in the Roman law, or in the French law, as to this particular point, although the doctrine under the name of compensation is therein recognized to a much larger extent than in our law; for still, as a general rule, the debts must be between the same parties, and due in the same right; and in no just sense, is a partnership debt due in the same right as an individual and separate debt. The interests of the other partners may be essentially concerned in the matter, if the debt is due to them, and the interest of the separate partner sued may in like manner be concerned, if the debt is due by the partnership. It is upon this very ground, that in cases of partnership, where a bill in equity is brought to recover the debt out of the estate of a deceased partner, the surviving partners are necessary and proper parties; for they have an interest in taking the accounts. Thorpe v. Jackson, 2 Younge & C. Exch. 553; Wilkinson v. Henderson, 1 Mylne & K. 582, 589; and Burwell v. Mandeville's Ex'rs, 2 How. [43 U. S.] 560, 575,—are directly in point on this subject. See Poth. Obl. notes 628–633; 2 Story, Eq. Jur. § 1442. It is true, that where, as in the present case, the other partners are out of the jurisdiction, a court of equity may dispense with their being made parties; but then it is a matter, in the sound discretion of the court, whether under all the circumstances, it ought to do so or not; for if the case be one involving important rights of the absent partners, and a fortiori, if they are the only persons within whose knowledge the facts lie, and they are resident in the foreign country where the transactions took place, and are most material parties to explain them, it would be doing great injustice to affect the separate estate of the partner here with a claim, of the nature and character of which

his administrator could scarcely be presumed to have any knowledge or full means of establishing in proof. Even under the Revised Statutes of Massachusetts, if the laws of that state could govern the case, it seems exceedingly doubtful whether a set-off of a partnership debt can be made against the separate debt due to one of the partners, except in cases of a dormant partnership. Rev. St. 1835, c. 96, § 9. But if it can be done, it can be done only at law. and is not properly remediable in equity.

What has been already said, applies to a debt strictly so called; and a fortiori, if the claim be unliquidated, as the present claim is, adhuc sub judice, and not only in controversy, but resolutely controverted, there would seem to be the strongest reason to remit the plaintiff to the proper forum to litigate her right, I mean to the tribunals of Hayti, the country where the transaction took place; for there, and there only do they seem capable of being with all the attendant circumstances, properly adjusted and adjudicated. But it is sufficient to say, that the present claim is a mere claim of set-off, and the remedial justice is asked, not of a court of law, but of a court of equity. In such a case, some peculiar equity must be shown, to entitle the party to have her suit entertained. None appears to me, to be shown. On the contrary, the structure of the bill presents very mixed considerations, and involves as doubtful equities as could well be discussed in a court of justice. I have not thought it necessary to go into the consideration of the doctrine of lien, as applicable to the present case. It is not set up in the bill as a matter of lien; and if it were, it would not avail the plaintiff for several reasons. First. it is a claim sounding in damages, which is not a subject of a general lien. Secondly, it is not a lien created in the course of the factorage transactions of the plaintiff's intestate. Thirdly, it is a case where the proceeds were to be carried to the separate account of Philbrook; and fourthly, it is a case, where the claim is not strictly between the same parties,—the claim being founded upon a partnership transaction, and the debt due to Philbrook upon a separate and sole transaction. Upon these points nothing more is necessary than to refer to the authorities cited in Story, Ag. §§ 362, 364, 365.

Without going farther into the details of the case, my opinion is, first, that the claim of the Cole debt, set up in the bill, is not a liquidated debt due from the firm. and therefore, not a fit subject of set-off; and secondly, that a partnership debt is not, independent of other peculiar equities, entitled to be set-off in a court of equity, against a separate debt due to one of the partners. I am also of opinion, and accordingly direct. that interest be allowed upon the principal sum due from the second of March, 1838. up to the time of the judgment, that being the period when Thomas Vose, by his letter of that date. fixed the balance, and showed by that letter, that he intended to appropriate the amount as a set-off to the debt stated in that letter pro tanto. The bill in equity affirms this intent. The bill must, therefore, be dismissed with costs.